UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR BARRIENTOS,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,<br><br>Respondent. | No.  1:26-cv-05245-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On July 8, 2026, petitioner Eleazar Barrientos filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).  Petitioner states in his verified habeas petition that he was detained on May 30, 2026.  (Doc. No. 1 at 5.)

/////

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

1

On July 9, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 7.)  In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition.  (*Id.*)

That same day, respondents filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 8.)  Therein, respondent states that "[t]his case does not appear to be materially distinguishable from the cases cited in the Court's Minute Order except possibly for the fact that this Petitioner was not previously encountered or released by immigration authorities."  (*Id.* at 2.)  Respondent does not object to the court deciding the petition, and the court will do so.

In *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and *Cardenas v. Chestnut*, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), two prior cases cited in the court's minute order (Doc. No. 7), the petitioners were not previously encountered or released by immigration authorities.  Accordingly, respondent has failed to distinguish those cases, and the court adopts their reasoning.

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondent is ORDERED to immediately release petitioner Eleazar Barrientos, A-File No. 241-078-088, from respondent's custody;

    b.   Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as also having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: __**July 10, 2026**__        _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3